BOBCAT ENTERPRISES, INC., Appellant,

v.

DUWELL, Appellee.

[Cite as *Bobcat Enterprises, Inc. v. Duwell* (1990), 67 Ohio App.3d 571.]

Court of Appeals of Ohio,
Butler County.

No. CA89–08–112.

Decided May 7, 1990.

*Jack F. Grove,* for appellant.

*Graydon, Head & Ritchey* and *John C. Greiner,* for appellee.

---

*Per Curiam.*

On July 5, 1989, the Butler County Court of Common Pleas issued a decision which enjoined defendant-appellee, David E. Duwell, from competing with plaintiff-appellant, Bobcat Enterprises, Inc. ("Bobcat"), in specific ways. Duwell, who is currently employed by Portman Equipment Company ("Portman"), a competitor of Bobcat, was restrained from soliciting business for himself from any of the customers whom he met while employed by Bobcat or for any other person, firm, or corporation in direct competition with Bobcat. This limitation included any persons or corporations located within the greater Cincinnati or greater Dayton areas, including Portman, until after August 1, 1990. Duwell was further restrained from furnishing to Bobcat's competitors, within this area, the names and addresses of any customers of Bobcat, or any other information pertaining to these customers.

Bobcat brings this appeal arguing that the order falls short of the reasonable restrictions contemplated by the parties. Bobcat raises the following sole assignment of error:

"The trial court erred in shaping injunctive relief which failed to protect the employer's legitimate interests from a violating employee under a reasonable covenant not to compete."

Bobcat argues that by allowing Duwell to remain with Portman, servicing Bobcat's territory with competitive product lines, the lower court has rewritten the covenant not to compete and defeated its very purpose.

In *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544, the Ohio Supreme Court empowered lower courts to modify or amend employment agreements. This case abolished the "blue-pencil" test which allowed unreasonable contractual provisions to be stricken from an employment contract, if divisible, but did not allow the courts to amend or modify such a contract.

Ohio courts now apply a "reasonableness" standard. "A covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interests." *Raimonde, supra,* paragraph one of the syllabus. "A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is not greater than is required for the protection of the employer, does not impose undue hardship

on the employee, and is not injurious to the public." *Raimonde, supra,* paragraph two of the syllabus.

Based upon a thorough review of the record, we find that the lower court properly interpreted the law as it applies to the covenant not to compete. No evidence exists that Duwell had knowledge of, or that he shared trade secrets or other inside information with Portman which has given Portman an advantage over Bobcat, or which has caused Bobcat harm. The majority of Duwell's current responsibilities involve renting industrial forklifts which Bobcat does not sell or rent. Furthermore, there is no indication that Duwell possessed any information regarding sales techniques, customer lists or product specifications which could be used to harm Bobcat's business in any significant way. Bobcat's president testified that it has lost business to Portman ever since Portman started selling skid-steer devices, which was prior to Duwell's employment by Portman. Bobcat's president further testified that he did not know why such sales were lost.

Duwell's activities at Portman did not increase the direct competition which already existed between the two companies and restraints ordered by the trial court assure that Portman will not gain any information about Bobcat which is not already known by Portman, or which will give Portman an unfair advantage over Bobcat. The order protects the employer while enabling the employee to adequately support himself and his family.

Thus, we find that the lower court did not abuse its discretion in modifying and enforcing the covenant not to compete. Therefore, Bobcat's sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., HENDRICKSON and KOEHLER, JJ., concur.